**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| VINCENT K. COBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-CV-00087 SNLJ |
| | ) |
| CARRIAGE HOUSE, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Vincent Cobb's motion for leave to proceed without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of plaintiff's financial information, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. [ECF No. 2]. Upon review of this action, however, the Court will dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Vincent Cobb filed this employment discrimination action on May 7, 2024, pursuant to the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq*. [ECF No. 1]. He filed this case against his former employer, the Carriage House, in Saint Genevieve, Missouri, alleging disability discrimination, as well as retaliation regarding the termination of his employment. [ECF No. 1].

Plaintiff alleges that he worked as a packer/picker for Carriage House in February 2023.

He purports:

I met all job expectations and went above & beyond my job duties as an employee. A co-worker (Kelly Ziess) was gonna sell me a car (PT Cruiser) for $750.00. I gave him $200.00 of it. Then about a week later his wife drove it and locked it up in security mode so I changed my mind and asked for my money back. I then after work drove over to his house to get money back. After pulling the PT Cruiser from Tractor Supply in Ste. Genevieve MO to his mechanics [sic] shop for him with the help of co-worker John (fork drive) Kelley came back to work the next day with an attitude towards me. Then the retaliation started. On 5-8-23 he took an order I was working on before I was finished, he wrapped it and put the order on wrong truck for me to be told I did it wrong by supervisor (Angie). I was told never leave material on floor when I started so I noticed Kelly Ziess leaving trim in floor then tell Angie (boss) that I did it. Kelly stopped working together with me as we were before I decided not to buy his car from him. He started talking bad about me to co-workers Gary Klien & John the warehouse [sic] supervisor telling them that he was gonna get me fired. Gary & John told me he was making fun of my physical & mental disabilities due to a TBI that accured [sic] on 8-11-04. My <u>physical disability</u> – my balance effects how I walk strength to stand very long my voice gets very strained at times. My <u>mental disability</u> – PTSD, ADHD. Gary & John told me he had it out for me since I didn't buy his car. He told Gary & John not to help or talk to me. There were several different time[s] he would walk in front off [sic] me mimicking the way I walk & laughing.

On May 4th I [was] working pulling orders for boss (Angie). As I was listening to some music coming from the build shop when I repeated 4 words from the song that was playing Kelly Ziess in turn repeated what I said in a strained, rasby [sic] voice making fun of my vocal disability. He was telling 2 of the truck drivers that I couldn't do my job right because I was crippled & laughed. 1 driver was from Old Dominion the other driver was from Sutton. I heard it myself before the 2[nd] driver told me what he said. While he stood their [sic] just talking I pulled & loaded the Sutton truck.

I brought every situation to bossies (Angie/Shannon). Angie told me that she was hoping it would all blow over after the weekend. Then Monday comes & he as in Kelly Ziess walks in and yells at me asking why I didn't report to him letting him know Angie (my boss) let me leave early on Friday say he is my supervisor and he was gonna tell Angie I didn't report to him.

Angie set up a meeting with HR on 5-4-23. A meeting took place onsite in conference room with Katrina (HR) Angie (Supervisor) Vincent K. Cobb) (employee). Angie & I informed Katrina (HR) everything that Kelly Ziess had been doing. Katrina (HR) told me he wasn't my boss & I didn't have to report to him.

3

> And that they would meet with him. A meeting with Kelly Ziess, Katrina (HR), Angie (Supervisor) never happened.
>
> On 5-30-23 he would not speak or help me with a big order until the very last part of the day and said I guess I will help the crippled and laughed. I then became very upset & went & told Angie (Supervisor) and she said just let it go & just go on home for the day. On my way home I got a phone call saying I was terminated without reasoning.
>
> I was pulling my last order of the day for the shop to build order when I went to grab a cabinet (CW2736). 4 more tipped over off the stack. Kelly Ziess walks up in front of me and laughed at me saying guess I could be nice & help this time and I said no thanks I got it I don't need help. Then he said (Kelly Ziess) I'm gonna tell Angie (Supervisor) to look at cameras & your [sic] gonna get in more trouble with Katrina (HR). I asked Angie (Supervisor) if I was in any kind of trouble and she told me no. I got a text from Angie (Supervisor) after terminating me saying sorry she let me go and that I was a great asset to company.

*See* ECF No. 1, pp. 5-11.

Plaintiff seeks monetary damages in this action.

## Discussion

Upon review of this Court's records, it appears that plaintiff previously filed a pro se, in forma pauperis employment discrimination action against defendant Carriage House in this Court. *See Cobb v. Carriage House,* No. 1:23-CV-220 SNLJ (E.D.Mo.) (hereinafter referred to as *Cobb I*). Plaintiff filed the prior employment action on December 14, 2023, seeking relief pursuant to the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.* In his original complaint plaintiff alleged disability discrimination, as well as retaliation, harassment and termination of his employment. However, plaintiff failed to indicate his purported disability, the date of his termination or how he was allegedly harassed or retaliated against by his employer relative to his disability. Thus, on December 20, 2023, the Court ordered plaintiff to amend his pleading to set forth his claims in compliance with the ADA and Federal Rules 8 and 10. Plaintiff

4

was also told to provide the Court with copies of his charge of discrimination and notice of right to sue.

Plaintiff filed an amended complaint in *Cobb I* on January 8, 2024. In the amended complaint, plaintiff once again asserted claims for discrimination, retaliation and harassment under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*. Although plaintiff failed to attach his charge of discrimination to his amended complaint, he did, in fact, attach his notice of right to sue.

Nonetheless, after reviewing the amended complaint, the Court found, on February 21, 2024, that plaintiff had failed to properly allege a claim for disability discrimination in his amended complaint because he had failed to articulate his purported disability. The fact that he had not properly alleged that he had a disability under the ADA was also grounds for dismissing his harassment and retaliation claims, as plaintiff was unable to claim that the harassment and retaliation occurred because of an alleged disability. Additionally, plaintiff had also failed to indicate that he was meeting his employer's legitimate job expectations because he had failed to indicate the type of job he was maintaining at Carriage House. Thus, he could not allege he was discriminated against by his employer because of his alleged disability. Last, to the extent plaintiff was alleging that he was denied accommodations at Carriage House, he failed to articulate when and if he sought disability accommodations, and if they were purportedly denied. Plaintiff's action was dismissed on February 21, 2024, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *Cobb I*. His motion for reconsideration of the dismissal was denied on March 5, 2024. *Id.*

While the dismissal in *Cobb I* does not "bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect on frivolousness determinations for future in forma pauperis petitions."

5

*Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (interpreting former § 1915(d) which became § 1915(e) under to the Prisoner Litigation Reform Act of 1996) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future in forma pauperis petitions); *see, e.g., Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468-70 (7th Cir. 2017) (discussing whether a dismissal under § 1915(e)(2)(B) has same effect as dismissal under Rule 12(b)(6)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (giving res judicata effect to a prior suit which had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) (discussing claim preclusion under § 1915(2)(2)(B)); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 583-84 (3d Cir. 2006) (per curiam) ("A dismissal under the in forma pauperis statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future in forma pauperis actions raising the same claim."); *Banks v. Hayward*, No. CIV.A. 06-1572, 2007 WL 120045, at *4-5 (W.D. Pa. Jan. 10, 2007); *but see Hughes v. Lott*, 350 F.3d 1157, 1161-62 (11th Cir. 2003). To that end, the Court cannot allow plaintiff to proceed in this lawsuit in forma pauperis bringing the same claims as those brought in his prior lawsuit in this District because the prior lawsuit was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

Plaintiff's claims in *Cobb I* arose out of the same nucleus of operative facts as those claims plaintiff attempts to litigate here. Plaintiff could have made all the same allegations and claims he makes in this lawsuit in his prior lawsuit against Carriage House. The Court determines the § 1915(e)(2)(B) dismissal of Carriage House for failure to state a claim upon which relief may be granted has a res judicata effect similar to that as in *Cooper*, 997 F.2d at 377. Therefore, for this

6

new action against Carriage House, plaintiff cannot state a claim upon which relief may be granted for § 1915(e)(2)(B) purposes. The Court will dismiss the complaint under § 1915(e)(2)(B).

Additionally, this action is time-barred given that plaintiff's lawsuit was filed after the expiration of the ninety-day limitations period for filing an action within the receipt of a right to sue notice. *See* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(1) outlining charge requirements). *See also Moses v. Dassault Falcon Jet-Wilmington Corp.,* 894 F.3d 911, 919 (8th Cir. 2018) (stating that in order to assert ADA claim, plaintiff must have first exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission); *Harris v. P.A.M. Transp., Inc.,* 339 F.3d 635, 638 (8th Cir. 2003) ("There is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"); and *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies"). Plaintiff's notice of right to sue was issued by the EEOC on September 15, 2023, and he filed the instant action on May 7, 2024. Cases such as this one which are filed after ninety days from receipt of the right to sue must be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of May, 2024.

_____
STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE